# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Stephen Mayfield, #253489 ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 0:09-1684-PMD |
| v. ) | |
| ) | |
| Jon Ozmint, SCDC Director, ) | |
| and Blake Taylor, Headquarters Supervisor, ) | **ORDER** |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff Richard Stephen Mayfield's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915 alleging that Plaintiff is falsely imprisoned. On July 24, 2009, the Magistrate Judge recommended that Plaintiff's complaint be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff filed a timely Objection to the R&R. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff is an inmate currently confined at McCormick Correctional Institution. Plaintiff alleges that he was initially admitted to the South Carolina Department of Corrections ("SCDC") in 2001 on a three-year sentence for throwing bodily fluids on a corrections officer. Thereafter, Plaintiff appeared in the Sumter County General Sessions Court on pending charges of first degree burglary and first degree criminal sexual conduct. Plaintiff alleges that he did not plead guilty or receive a trial for the burglary and criminal sexual conduct charges but that a judge

sentenced him to thirty years imprisonment on those charges. Plaintiff claims that in 2009 he received copies of his "sentencing sheets from the court," or state court indictments, which "failed to substantiate a conviction." Plaintiff alleges that SCDC policy does not permit SCDC to take custody of a person with invalid commitment papers. Thus, Plaintiff argues that Defendants illegally admitted him to SCDC in violation of the Due Process Clause and that he is being falsely imprisoned. Plaintiff seeks $30 million in damages.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Plaintiffs' complaint has been filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of the privilege of filing without prepayment of the fee, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted . . . is frivolous or malicious . . . [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## ANALYSIS

The Magistrate Judge found Plaintiff's allegations barred by *Heck*, 512 U.S. 477, and the court agrees. In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. A district court hearing § 1983 claims must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Magistrate Judge found that a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence and that, therefore, the rule in *Heck* applied. Thus, as Plaintiff has not shown he successfully attacked his burglary and criminal sexual conduct convictions, the complaint must be dismissed. The court agrees with the Magistrate Judge's recommendation and analysis.

In this case, Plaintiff is claiming that he was never actually convicted of burglary or criminal sexual conduct. Therefore, Plaintiff claims that his sentence to thirty years imprisonment on those charges is unlawful, violates Due Process, and constitutes a false imprisonment, for which he should receive money damages. However, Plaintiff does not allege that he has successfully pursued a habeas corpus action to overturn those state court convictions. Therefore the court agrees with the Magistrate Judge that because Plaintiff has not successfully challenged the lawfulness of his state court convictions, his complaint seeking money damages for those convictions and sentences should be dismissed.

Plaintiff objects to the Magistrate Judge's R&R and states that he is not challenging the burglary and criminal sexual conduct convictions but rather the failure of the commitment papers to indicate a conviction. Plaintiff also states in his objections that invalid commitment papers strips SCDC of legal authority over Plaintiff, and that he is currently being falsely imprisoned by Defendants. Plaintiff also states that he has written letters to Defendant Blake Taylor, the head of state classifications, and the warden and has received no response. The court finds Plaintiff's objections to be without merit. Plaintiff's complaint states that because he has not actually been convicted of burglary and criminal sexual conduct Defendants cannot lawfully imprison Plaintiff. Plaintiff's claim must be dismissed under *Heck v. Humphrey* because a damages award in Plaintiff's favor would necessarily imply that the underlying burglary and criminal sexual

conduct convictions and sentences are invalid. Therefore, in order to proceed with his § 1983 claim, Plaintiff must first have his conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In addition, Plaintiff's motion for a preliminary injunction seeking release from prison because of invalid commitment papers is dismissed under the rule of *Heck* as discussed above. Finally, Plaintiff's motion to amend his complaint to add the South Carolina Department of Corrections as a Defendant is also denied.

## **CONCLUSION**

For the foregoing reasons, the court **ORDERS** Plaintiff's complaint be **DISMISSED** without prejudice. In addition, the court **DENIES** Plaintiff's motion for a preliminary injunction and motion to amend his complaint.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 19, 2009**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.